WLADISLAW PONIATOWSKI, RESPONDENT, v. JOSHUA GRIFFITHS AND BRONISLAUS CINKOWSKI, APPELLANTS.

Submitted December 10, 1917—Decided March 4, 1918.

When real estate agents undertake to procure title to a designated lot of real estate for a purchaser, who cannot read or write, but negligently procure title to some other lot, without the knowledge of the purchaser, the real estate agents are liable to the purchaser for ensuing damages, the result of their negligence. For the facts of the case, which are somewhat unusual, see the opinion.

On appeal from the Supreme Court.

For the respondent, *Wescott & Weaver.*

For the appellants, *French & Richards* and *Albert S. Woodruff.*

The opinion of the court was delivered by

BLACK, J. The plaintiff brought suit against the defendants real estate agents to recover damages for the alleged negligence of the defendants. The trial resulted in a ver-

dict ·for the plaintiff in the sum of fifteen hundred and fifty dollars, hence this appeal.

There are a number of grounds of appeal stated. But a discussion and determination of the propriety of the refusal by the trial court of the motions to nonsuit and direct a verdict will dispose of the case. The motions were predicated upon these facts: The plaintiff owned and occupied a house and lot No. 43 on the north side of Pear street, in the city of Camden; on one side of his house was a vacant lot owned by a man named Szwak, No. 45; the plaintiff's party wall was on that side of the house; on the other side of his house there was also a vacant lot, No. 41, owned by Coady and Cheeseman Company, between which and the plaintiff's house was an alley. The plaintiff desired to purchase the Szwak lot, No. 45, for the purpose of erecting a house on it and to utilize the party wall. He sent for the defendants, who were real estate agents; they came to his house. The plaintiff then told them that he wanted to acquire that lot on the side of his house so as to utilize the party wall. The plaintiff's testimony is that they went out on the front porch; he there pointed out to them the lot he wanted from the porch. "*Q*. Which lot did you point to?" "*A*. The left hand side of the party wall. I said, 'Mr. Griffiths and Mr. Cinkowski, here is the lot I want. Can you sell me the lot?' They said 'yes.' " The plaintiff can neither read nor write. Subsequently the defendants secured for the plaintiff lot No. 41, owned by Coady and Cheeseman Company, for which the plaintiff paid three hundred and twenty-five dollars, twenty-five dollars going to the defendants as their commissions. The plaintiff placed a mortgage of one thousand dollars on his house, which with some other money he put in a house built by him on the lot by the side of the party wall, lot No. 45. At the time he supposed that he had acquired the title. When the house was finished he put a tenant in it. After awhile a notice was served on the tenant to vacate, then the plaintiff learned for the first time that he had no title to the lot on which he had built the twin house. Mani-

festly, the trial court could not say if this testimony was true, the defendants were not liable to respond in damages caused by their negligence or deceit. A statement of the rule to be applied in such cases is, "the judge has to say whether any facts have been established by evidence from which negligence *may* be reasonably inferred; the jurors have to say whether, from those facts, when submitted to them, negligence *ought* to be inferred." *Metropolitan Railway Co.* v. *Jackson, L. R.,* 3 *App. Cas.* 193, 197. What duty rested upon the defendants was a question of law; whether the duty was properly performed was a question of fact for the jury. This disposes of the motions to nonsuit the plaintiff or direct a verdict in favor of the defendants. The trial judge in charging the jury correctly stated the legal rule applicable to the facts of the case, that the law is that men who undertake to do a service for another, in a business or professional capacity, like real estate agents, and the like, undertake to use the reasonable skill, which is ordinarily possessed by their fellows in like service nothing more and nothing less; if they fail in the performance of that duty, they are responsible to the injured person, to the extent of the damages, that either naturally flow from the wrongful act and are a direct consequence of it, or of those results, those consequences, which are in contemplation of the parties at the time the service is undertaken.

We have examined the other points argued in the defendants' brief, such as the application of the statute of frauds, erroneous rulings made upon the evidence, refusal of the trial court to charge as requested, &c., and find they are all without legal merit, requiring no extended discussion. Finding no error in the record, the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 11.

*For reversal*—SWAYZE, WHITE, TAYLOR, JJ. 3.