Defendants seek reversal of an adverse judgment of the First Judicial District Court of the County of Middlesex, sitting without a jury, in the sum of $200 damages for the death of plaintiff's hunting dog, allegedly caused by the negligence of the defendants. We do not find any merit in appellants' grounds of appeal.
The pertinent facts are: On the evening of April 11, 1945, defendants drove their truck, equipped with dual wheels, upon plaintiff's farm premises for the purpose of removing two cows which they had purchased earlier that day. The truck was owned by defendant, Max Kaplan, who was accompanied by his son, Harry Kaplan, the latter of whom was operating it. Defendants drove their truck to plaintiff's barn by way of a semicircular driveway, six feet in width, to get one of the cows. At the time it was dark and it was during this trip that they allegedly ran over and killed plaintiff's dog. The dog was tied by a chain to a dog house 15 feet back from said driveway, the chain being 15 to 24 feet in length. Defendants did not see nor hear the dog and did not know that such an accident had occurred, although the truck was only travelling five to seven miles per hour and its headlights were lit. They had been going upon plaintiff's premises to purchase cattle for approximately 15 years, and knew of the presence of a dog on the premises but denied that they knew the whereabouts of the *Page 162 
dog in question. There was no eye witness to the accident. The dog's body lay in the driveway or road when the brother of the plaintiff found it about a half hour after the defendants had left. He testified that he knew the dog was alive when defendants came upon the premises to remove the two cows they had previously purchased, having heard it barking and jumping; that a short time after they left he saw the dog lying in the road over which the truck had passed and upon examination discovered that it had been killed; that the following morning he saw the tracks of dual wheels leading to and directly over the head of the dog which was crushed and lying in a pool of blood. It was fairly inferable from the evidence that defendants' truck had passed over the head of the dog killing it and defendants do not seriously dispute this assertion.
Defendants contend that at best plaintiff proved merely the happening of an accident, and failed to produce any evidence of negligence chargeable to the defendants as the proximate cause of the death of his hunting dog. The propriety of the judgment may be tested by the query: "Was there any evidence from which an inference of negligence imputable to the defendants might be properly and logically drawn?" Defendants' admission that they did not see or hear the dog, nor did they feel any jolt or bump when the truck passed over it, created a factual issue as to defendants' negligence. The court below could, as it apparently did, justifiably infer that if the operator of defendants' truck had exercised due care, he would have observed plaintiff's dog in time to avoid the collision and the requisite degree of care was not used in the operation of the vehicle under the circumstances prevailing at the time. Justice Heher, in Sakos v. Byers,112 N.J. Law 256 (E. A. 1934), 169 Atl. 705, stated:
"The failure to make timely observation may be predicated upon the testimony of appellants, and that, standing alone, would, of course, support an inference of negligence in the operation of the automobile."
In Niles v. Phillips Express Co., 118 N.J. Law 455 (E. A. 1937), 193 Atl. 183, it was held:
"It remains to consider whether the operator of the truck observed the standard of care by which actionable negligence is measured. *Page 163 
* * * The term connotes such degree of care as is commensurate with the risk of harm, such as a reasonable man would under all the circumstances deem prudent to obviate the danger, known or reasonably foreseeable; and, where the evidence, assayed by reasonable minds, may lead to bona fide differences of opinion as to whether there has been an observance of that standard of care, the question is one for the fact-finding authority. The nature of the duty resting upon defendants was a question of law; whether, in the circumstances, they rendered performance of that duty was a question of fact for the jury. Poniatowski v. Griffiths Cinkowski, 91 N.J. Law, 663, 103 A. 192."
The issue being a factual one, we will not disturb the findings of the court below.
We do not find any merit in the other arguments advanced by defendants for reversal of this judgment.
The judgment below is affirmed, with costs.